UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

STEFAN JOSEPH LANCE,

Debtor,

STEFAN JOSEPH LONCE,

Appellant,

-against

WILLIAM K. HARRINGTON, U.S. TRUSTEE,

Appellee.

No. 25 Civ. 3157 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

The instant action, a bankruptcy appeal, commenced on July 24, 2025. The Court, having reviewed the instant docket (7:25-CV-3157) and the corresponding docket in Bankruptcy Court (24-B-22606), found that, while the Parties filed designations, the Parties failed to file any briefings for the appeal. Subsequently, on March 20, 2026, the Court ordered the Parties to show cause in writing by April 17, 2026 why this appeal action should not be dismissed or, alternatively, to file a Stipulation of Voluntary Dismissal withdrawing the appeal by April 17, 2026. (ECF No. 7.) On April 3, 2026, Appellee William K. Harrington, the United States Trustee for Region 2, filed a response to this Court's order to show cause requesting that the Court dismiss this appeal for lack of prosecution based on Appellant's failure to timely file a brief. (ECF No. 8.)

"Dismissal for want of prosecution is a matter committed to the discretion of the trial judge." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks

omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id.* (internal quotation marks omitted). In particular, the Court should consider: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions. *Id.* (internal quotation marks omitted).

Here, Appellant not only failed to file any briefings for the appeal or to otherwise seek an extension of time for doing so, but also failed to timely respond to this Court's Order directing the Parties to show cause in writing why this appeal action should not be dismissed. Not only has Appellant's failure to prosecute this action impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases," *Cortez v.Suffolk Cty. Corr. Facility*, No. 15-CV-1957 (JFB) (AKT), 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016), but "the adversary process has been halted because of an essentially unresponsive party," *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980) (internal citation omitted). Under Federal Rule of Bankruptcy Procedure 8018(a)(4), "[i]f an appellant fails to file a brief on time or within an extended time authorized under (a)(3), the district court [] may—on its own after notice or on the appellee's motion—dismiss the appeal."

Accordingly, it is hereby ORDERED that this action be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4). The Clerk of Court is directed to terminate this action.

Dated: August 6, 2026
White Plains, New York

Nelson S. Román
U.S. District Court Judge